IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LATUNYA ELLIS                                                                                      PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:13CV00037-B-A

BILL RASCO, LENT RICE, JASON MITCHELL,
THE STATE OF MISSISSIPPI, DESOTO COUNTY
GOVERNMENT, DESOTO COUNTY SHERIFF'S
DEPARTMENT AND JOHN DOES 1-20                                              DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court on the defendants' motions to dismiss. Upon due consideration of the motions, responses, and controlling authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Latunya Ellis, filed this 42 U.S.C. § 1983 action, *pro se*, against the State of Mississippi, DeSoto County, Mississippi, DeSoto County Sheriff's Department, and three employees of the DeSoto County Sheriff's Department. Plaintiff's complaint sets forth a litany of allegations including, among others, false arrest, unlawful search and seizure, hate crimes, and RICO Act violations. As the State of Mississippi notes, the "plaintiff's complaint is written in such a manner that ascertaining the true nature of her allegations is a difficult task," but an affidavit attached in support of the complaint sets forth the underlying factual scenario with more clarity.

The plaintiff alleges that on July 1, 2010, at 6:35 p.m., she was pulled over by defendant Officer Jason Mitchell of the DeSoto County Sheriff's Department. Mitchell allegedly informed the plaintiff that he had received a crime stopper tip that the plaintiff was hiding a fugitive at her residence. Mitchell showed the plaintiff a photograph of a man she asserts she did not recognize.

Mitchell allegedly stated that he knew the black man was hiding in her house because "your [sic] black family." According to the plaintiff, Mitchell then ordered her to get back in her car and return to her residence. He told her that he and the other officers would follow. The plaintiff asserts that Mitchell required her to give him her cell phone so that she could not call the alleged fugitive and warn him. Upon arrival at the residence, the plaintiff pulled her car into the garage, exited the vehicle, and opened the back door, at which point the officers "swarmed into [her] household" and "proceeded to search [her] home without [her] consent." The plaintiff contends that Mitchell told her the officers found $8,000.00 cash in a drawer (which she asserts was income tax money) and that this gave them probable cause to search her home.

The plaintiff also asserts that Mitchell instructed her to sign some papers to give the officers consent to search a shed on the property. She allegedly informed him that she is not the owner of the property and therefore could not give consent. At some point the plaintiff was allowed to telephone her husband who spoke with Officer Mitchell and advised him that the officers did not have consent to search his house without a warrant.

The plaintiff alleges she was "held hostage" in her home from the time she arrived back until 10:30 p.m. She asserts that during this time the officers allegedly kept their guns in view in an apparent attempt to intimidate her and brought dogs into the home which frightened her daughters, ages 3 and 10. Mitchell allegedly told the plaintiff to gather her girls and leave her home while Mitchell waited for her husband to return. She states that a warrant had not been produced at that point and that the officers stayed in her home until approximately 12:30 a.m. In addition to allegedly stealing the $8,000.00 income tax money, the officers also destroyed various property in the home totaling $23,000.00, according to the plaintiff.

The defendants assert that a valid warrant was obtained and that the search of the property produced just under five pounds of marijuana. According to the defendants, the plaintiff's husband, Yahoshua-Yisrael Yahweh, "carried on a very open cannabis operation" in DeSoto County. Yahweh was prosecuted and tried as a result of this seizure, but the jury was unable to reach a unanimous verdict of guilt beyond a reasonable doubt.

The plaintiff subsequently filed this action setting forth the litany of complaints mentioned above. The State of Mississippi has moved to dismiss, asserting its Eleventh Amendment immunity and noting that the plaintiff has alleged no actionable conduct against the State. The DeSoto County defendants have likewise moved to dismiss on various grounds.

## Standard of Review

A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 244 (5th Cir. 2009). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Id.* at 232.

## Analysis

A review of the pleadings in this case reveals that the State of Mississippi's motion to dismiss is meritorious and should be granted. The plaintiff has alleged no actionable conduct against the State. Even if she had done so, the State would be afforded the protection of

Eleventh Amendment immunity. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Though the express language of the Amendment refers to suits by citizens of other states, the Supreme Court has made clear that a State's immunity encompasses "suits by citizens against their own States." *See Board of Trustees of the Univ. of Alabama v. Garrett*, 351 U.S. 356, 363 (2001) (citations omitted). Further, the State of Mississippi is not a "person" for purposes of Section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, the court finds that the State of Mississippi's motion to dismiss is well taken and should be granted, and the State of Mississippi should be dismissed from this lawsuit with prejudice.

As for the DeSoto County defendants, the court finds that the plaintiff has failed to plead facts that are "enough to raise a right to relief above the speculative level" as to all claims except her Section 1983 claims. At this stage of the litigation, the court is required to "accept all factual allegations in the complaint as true." *Lormand*, 565 F.3d at 232. The court has some concerns about certain allegations that have not been explained or resolved to the court's satisfaction at this point, including, among others, the plaintiff's allegation that the officers seized $8,000.00 of her money which she alleges was income tax money. The parties have not explained what became of that money. The court's concerns might be readily alleviated with more detailed briefing of the present motion or at the summary judgment stage of this litigation, but the court has no choice at this juncture but to deny the DeSoto County defendants' motion to dismiss as it

4

pertains to the plaintiff's Section 1983 claims only.  All other claims shall be dismissed at this time.

## Conclusion

For the forgoing reasons, the court finds that the State of Mississippi's motion to dismiss is well taken and should be granted.  The DeSoto County defendant's motion to dismiss is granted in all respects except as to the plaintiff's claims arising under Section 1983.  A separate order in accord with this opinion shall issue this day.

This, the 20th day of August, 2015.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**